UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

IN RE: DePUY ORTHOPAEDICS, INC. )
ASR HIP IMPLANT PRODUCTS ) MDL No. 1: 10 md 2197
LIABILITY LITIGATION )
)
) SHORT FORM COMPLAINT
) FOR
) DePUY ORTHOPAEDICS, INC.
) ASR HIP IMPLANT PRODUCTS
) LIABILITY LITIGATION

---

This applies to:

Daniel W. O'Leary, Jr., *et. al* v.
DePuy Orthopaedics, Inc. *et al*              JURY TRIAL DEMAND

---

Daniel W. O'Leary, Jr., et al.

    Plaintiff,

-against-

DePUY ORTHOPAEDICS, INC., DEPUY
INC., DEPUY INTERNATIONAL LIMITED,
JOHNSON & JOHNSON, JOHNSON &
JOHNSON SERVICES, INC.
JOHNSON & JOHNSON INTERNATIONAL,

    Defendants

---

### ABBREVIATED SHORT FORM COMPLAINT FOR DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION

1.    Plaintiffs Daniel W. O'Leary, Jr. and Rosemary F. O'Leary, state and bring this civil action before the Court for the United States District Court for the Northern District of Ohio as a related action in the matter entitled IN RE: DePUY ORTHOPAEDICS, INC. ASR HIP

IMPLANT PRODUCTS LIABILITY LITIGATION, MDL No. 2197. Plaintiffs are filing this short form complaint as permitted by Case Management Order No. 4 of this Court.

## ALLEGATIONS AS TO VENUE

2. Venue of this case is appropriate in the U.S. District Court, Southern District of Ohio. Plaintiff states that but for the Order permitting direct filing into the Northern District of Ohio pursuant to Case Management Order No. 4, Plaintiff would have filed in the U.S. District Court, Southern District of Ohio. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

3. Plaintiff Daniel W. O'Leary, Jr. is a resident and citizen of Fairfield County, Ohio and claims damages as set forth below. Plaintiff's spouse, Rosemary F. O'Leary is a resident and citizen of Fairfield County, Ohio and claims damages as a result of loss of consortium.

4. Plaintiff Daniel W. O'Leary, Jr. was born on August 21, 1940.

5. Plaintiff Daniel W. O'Leary, Jr. claims damages as a result of:

Injury to himself;

economic loss;

loss of services; and

his wife, Rosemary O'Leary, claims loss of consortium.

## ALLEGATIONS AS TO INJURIES

6. Plaintiff was implanted with a DePuy ASR hip implant on his right hip on or about November 1, 2008, at Mt. Carmel East Hospital, in Columbus, Ohio, by Joel Politi, M.D.

7. On or about November 1, 2008, and thereafter, Plaintiff suffered the following personal and economic injuries as a result of the implantation with the ASR hip implant:

pain, suffering and mental anguish, disability, loss of enjoyment of life, deformity, medical expenses, and other related injuries and damages.

8. Plaintiff had the right ASR hip implant explanted and revision of the right total arthroplasty on February 20, 2012, at Mount Carmel East Hospital, in Columbus, Ohio, by Joel Politi, M.D.

9. Plaintiffs have suffered injuries as a result of implantation, explantation and revision of the DePuy ASR hip implant manufactured by Defendants as shall be fully set forth in Plaintiff's Fact Sheet and other responsive documents provided to the defendants and incorporated by reference herein.

10. At the same time of implantation with the ASR hip implant, the Plaintiffs resided at 7121 Optimara Dr., Pickerington, Ohio 43147.

11. The Defendants by their actions or inactions, proximately caused Plaintiffs' injuries.

12. The Plaintiff could not have known that the injuries he suffered were as a result of a defect in the ASR hip implant until at or about the time the device was explanted.

13. The Plaintiff could not have known that he was injured by excessive levels of chromium and cobalt until after the date he had his blood drawn and he was advised of the results of said blood work.

14. As a result of the injuries Plaintiff sustained, he is entitled to recover compensatory damages for pain and suffering and emotional distress, and for economic loss as well as punitive damages.

## ALLEGATION AS TO DEFENDANTS
## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

15. The following claims and allegations are asserted by Plaintiffs and are herein adopted by reference:

    ____    FIRST CAUSE OF ACTION
(NEGLIGENCE);

    ____    SECOND CAUSE OF ACTION
(NEGLIGENCE PER SE);

    ____    THIRD CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-DEFECTIVE DESIGN);

    ____    FOURTH CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT);

    ____    FIFTH CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-FAILURE TO WARN);

    ____    SIXTH CAUSE OF ACTION
(BREACH OF EXPRESS WARRANTY);

    ____    SEVENTH CAUSE OF ACTION
(BREACH OF WARRANTY AS TO MERCHANT LIABILITY);

    ____    EIGHTH CAUSE OF ACTION
(BREACH OF IMPLIED WARRANTIES);

    ____    NINTH CAUSE OF ACTION
(FRAUDULENT MISREPRESENTATION);

    ____    TENTH CAUSE OF ACTION
(FRAUDULENT CONCEALMENT);

    ____    ELEVENTH CAUSE OF ACTION
(NEGLIGENT MISREPRESENTATION);

    ____    TWELFTH CAUSE OF ACTION
(FRAUD AND DECEIT);

    ____    THIRTEENTH CAUSE OF ACTION
(UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW);

    ____    FOURTEENTH CAUSE OF ACTION
(MISREPRESENTATION BY OMISSION);

____  FIFTEENTH CAUSE OF ACTION
(CONSTRUCTIVE FRAUD);

____  SIXTEENTH CAUSE OF ACTION
(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS);

____  SEVENTEENTH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS);

____  EIGHTEENTH CAUSE OF ACTION
(GROSS NEGLIGENCE/MALICE);

____  NINETEENTH CAUSE OF ACTION
(LOSS OF CONSORTIUM);

____  TWENTIETH CAUSE OF ACTION
(PUNITIVE DAMAGES)

____  TWENTY-FIRST CAUSE OF ACTION
(MEDICAL MONITORING)

____  TWENTY-SECOND CAUSE OF ACTION
(VIOLATION OF APPLICABLE STATE CONSUMER FRAUD STATUTE) - Ohio Revised Code Sections 1345.01, et. seq.

____  TWENTY-THIRD CAUSE OF ACTION
(RESTITUTION OF ALL PURCHASE COSTS AND DISGORGEMENT OF ALL PROFITS FROM MONIES THAT PLAINTIFF INCURRED IN PURCHASE OF THE HIP IMPLANT)

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For medical monitoring, whether denominated as damages or in the form of equitable relief;

5. For an award of attorneys' fees and costs;

6. For prejudgment interest and the costs of suit; and

7. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

                              Respectfully submitted,
                              Counsel for Plaintiffs

                              */s/ Keri N. Yaeger*
                              _____
                              Tim Van Eman, Esq.
                              Ohio Supreme Court # 0002015
                              Keri N. Yaeger, Esq.
                              Ohio Supreme Court # 0073706
                              Lamkin, Van Eman, Trimble
                              and Dougherty, LLC
                              500 S. Front St., Suite 200
                              Columbus, Ohio 43215
                              Telephone: (614) 224-8187
                              *tvaneman@injurymedmal.com*
                              *kyaeger@injurymedmal.com*

Date: January 11, 2013

6